# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LUIS PEREZ PUENTES,**

                             **CASE NO. 2:12-CV-021**
      **Petitioner,**              **CRIM. NO. 2:06-CR-189(7)**
                             **JUDGE MICHAEL H. WATSON**
      **v.**                       **MAGISTRATE JUDGE ELIZABETH P. DEAVERS**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255. This matter is before the Court on the instant motion, Respondent's *Motion to Dismiss*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* this action as barred by the one-year statute of limitations, Doc. 474, be **GRANTED**, and that this action be **DISMISSED** as time-barred.

## FACTS and PROCEDURAL HISTORY

Petitioner's underlying criminal conviction on conspiracy to distribute and possess with the intent to distribute more than one kilogram of heroin is the result of his December 19, 2006, negotiated guilty plea. Docs. 173, 187. On April 19, 2007, the Court imposed the mandatory minimum term of 120 months imprisonment plus five years supervised release. Doc. 309. The Court entered judgment of the sentence on April 23, 2007. Petitioner did not file an appeal.

On January 9, 2012, Petitioner filed the instant *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He asserts he was denied effective assistance of counsel, improperly sentenced, coerced into entering a guilty plea, that his guilty plea was not knowing, intelligent or voluntary, and that his attorney improperly advised him to enter a guilty plea, because

if he did not, he was facing life incarceration. Petitioner seeks a to be re-sentenced to a lower sentence.

It is the position of the Respondent that this action is time-barred. Alternatively, Respondent requests this case be held in abeyance pending Petitioner's submission of a written waiver of his attorney-client privilege.

## STATUTE OF LIMITATIONS

A one year statute of limitations applies to the filing of a petition for a writ of federal habeas corpus. 18 U.S.C. § 2255(f) provides:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

Here, Petitioner's judgment of conviction became final in May 2007, when the time period expired to file an appeal to the United States Court of Appeals for the Sixth Circuit.[1] *See United*

---

[1] The time period for filing an appeal in a criminal case has been amended to allow a defendant fourteen days from entry of the judgment or order being appealed. Federal Rule of Appellate Procedure 4(b)(1)(A). Petitioner, however, had ten days to file his appeal. "[F]ederal court is to apply the rule of law . . . in effect at [the] time that court renders its decision. *United States v. Thomas*, 2012 WL 1571202, at *2 n.1 (citing *Wilmer v. Tennessee Eastman Co.,* 919 F.2d 1160 (6th Cir. 1990)).

*States v. Thomas*, No. 08-10-GFVT, 2012 WL 1571202, at \*2 (E.D. Ky. Jan. 25, 2012)(citing

*Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6ᵗʰ Cir. 2004)).  Petitioner failed to file this

habeas corpus petition until January 2012.  Further, he has failed to allege any extraordinary

circumstances that would justify equitable tolling of the statute of limitations.  *See Jones v. United*

*States*, 689 F.3d 621, 626-27 (6ᵗʰ Cir. 2012)(citations omitted).

   **WHEREUPON**,  the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to*

*Dismiss* this action as barred by the one-year statute of limitations, Doc. 474, be **GRANTED**, and

that this action be **DISMISSED** as time-barred.

**PROCEDURE ON OBJECTIONS**

   If any party objects to this *Report and Recommendation,* that party may, within fourteen (14)

days of the date of this report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit

this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

   The parties are specifically advised that failure to object to the *Report and Recommendation*

will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo,* and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/ *Elizabeth A. Preston Deavers*
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**

**Date: November 14, 2012**